**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JON P. KARDASSAKIS, SB# 90602
  E-Mail: Jon.Kardassakis@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
MICHAEL K. JOHNSON, SB# 130193
  E-Mail: Michael.Johnson@lewisbrisbois.com
2185 North California Boulevard, Suite 300
Walnut Creek, California 94596
Telephone: 925.357.3456
Facsimile:  925.478.3260

Attorneys for Defendants
MATTERPORT, INC., RJ PITTMAN,
DAVE GAUSEBECK, MATT BELL,
CARLOS KOKRON, PETER HEBERT,
JASON KRIKORIAN, and MIKE GUSTAFSON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN LYNCH, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MATTERPORT, INC., RJ PITTMAN, DAVE GAUSEBECK, MATT BELL, CARLOS KOKRON, PETER HEBERT, JASON KRIKORIAN, and MIKE GUSTAFSON,<br><br>Defendants. | Case No.<br><br>(Santa Clara Superior Court Case No.: 22CV396251)<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF CLASS ACTION TO FEDERAL COURT; SUPPORTING DECLARATION OF COUNSEL**<br><br>**DIVERSITY**<br><br>**[CLASS ACTION]** |

**PLEASE TAKE NOTICE** that Defendants MATTERPORT, INC., RJ PITTMAN, DAVE GAUSEBECK, MATT BELL, CARLOS KOKRON, PETER HEBERT, JASON KRIKORIAN AND MIKE GUSTAFSON (collectively, "Defendants") hereby remove the above-captioned action from the Superior Court of the State of California, for the County

of Santa Clara, to the United States District Court for the Northern District of California under 28 U.S.C. §§ 1332, 1441, 1446, and 1453. In support of this Notice of Removal, Defendants state as follows:

1. Removal is proper in this case because this Notice of Removal demonstrates that all requirements for removal are met under 28 U.S.C. §§ 1332(d) and 1453 pursuant to the Class Action Fairness Act ("CAFA").

2. On March 28, 2022, Plaintiff SHAWN LYNCH ("Plaintiff") commenced this putative class action against Defendants by filing a Class Action Complaint ("Complaint") in the Superior Court of the State of California, for the County of Santa Clara, bearing the case number 22CV396251. Declaration of Michael K. Johnson ("Johnson Decl."), ¶ 3, Exh. A.

3. On April 13, 2022, Plaintiff filed a First Amended Complaint ("FAC"). Johnson Decl., Exh. C. The FAC alleges six causes of action for: (1) alleged violations of the California Seller-Assisted Marketing Plan Act, Cal. Civ. Code §1812.200, et seq., and Cognate Laws of other Jurisdictions ("Multi-State Class"); (2) alleged violations of the California Seller-Assisted Marketing Plan Act, Cal. Civ. Code §1812.200, et seq. ("National Class"); (3) alleged violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §17200, et seq.; (4) alleged violations of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §17500, et seq.; (5) alleged breach of the implied covenant of good faith and fair dealing; and (6) declaratory and injunctive relief.

4. Plaintiff served the summons, complaints and related documents on Defendants on May 27, 2022. Johnson Decl., ¶ 2, Exh. E. This Notice of Removal is timely filed within thirty days of service of process. 28 U.S.C. § 1446(b).

5. The Superior Court of the State of California, County of Santa Clara, is located within the Northern District of California. Thus, venue is proper under 28 U.S.C. § 84(a) because this is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

6. No previous application has been made for the relief requested herein.

7. Pursuant to 28 U.S.C. § 1446(a), all process, pleadings, and orders that have been filed, served, or received by Defendants in this action are attached hereto, specifically:

    a. A true and correct copy of Plaintiff's Complaint with Civil Case Cover Sheet filed March 28, 2022 in the Superior Court of the State of California, for the County of Santa Clara, bearing the case number 22CV396251 is attached hereto as Exhibit A.  Johnson Decl., ¶ 3.

    b. A true and correct copy of the Superior Court's Order Deeming Case Complex and Staying Discovery and Responsive Pleading Deadline filed March 28, 2022 is attached hereto as Exhibit B.  Johnson Decl., ¶ 4.

    c. A true and correct copy of Plaintiff's First Amended Complaint filed April 13, 2022 is attached hereto as Exhibit C.  Johnson Decl., ¶ 5.

    d. A true and correct copy of Plaintiff's Notice of Related Case (19CV350887) filed May 19, 2022 is attached hereto as Exhibit D.  Johnson Decl., ¶ 6.

    e. True and correct copies of Plaintiff's Proofs of Service of Summons and Complaint on all Defendants filed on June 1, 2022 are attached hereto as Exhibit E.  Johnson Decl., ¶ 7.

8. This case is related to the case that is currently pending in the Northern District, *John Stemmelin v. Matterport, Inc., et al.,* Case 3:20-cv-04168-WHA, because (1) the actions concern substantially the same parties, property, transaction, or event; and (2) it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.  *See* Local Rule 3-12(a).  Defendants will file an Administrative Motion to Consider Whether Cases Should be Related pursuant to Local Rule 3-12(b) with this Notice of Removal.

9. A true and correct copy of this Notice of Removal will be served upon all parties and filed with the Clerk of the Superior Court of the State of California, County of Santa Clara in accordance with 28 U.S.C. § 1446(d).

## I. REMOVAL IS PROPER DUE TO THE JURISDICTION CONFERRED UNDER THE CLASS ACTION FAIRNESS ACT

10. This case is subject to removal under the Class Action Fairness Act ("CAFA") of 2005. Pub. L. No. 109-2, 119 Stat. 4.  28 U.S.C. §§ 1332(d) and 1453.

11. CAFA grants federal district courts jurisdiction over civil class action lawsuits in which any plaintiff is a citizen of a state different from any defendant, and where the aggregate amount in controversy exceeds $5,000,000, exclusive of interests and costs.  28 U.S.C. § 1332(d).  Unlike other diversity jurisdiction cases, "no antiremoval presumption attends cases invoking CAFA."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

12. Plaintiff purports to bring this class action on behalf of members of Matterport, Inc.'s Matterport Service Partner ("MSP") program.  *See* FAC ¶¶ 68-70. Plaintiff's class action filed in State court is brought under California *Code of Civil Procedure* section 382, a statute similar to a class action as defined in Rule 23 of the Federal Rules of Civil Procedure.  28 U.S.C. § 1332(d)(1)(B).

13. This Court has subject matter jurisdiction over this case under 28 U.S.C. § 1332(d) and 1453(b) because it is a civil putative class action wherein: (1) there are 100 or more members in Plaintiff's proposed class; (2) Defendants are not a state, state official, or other governmental entity; (3) there is minimal diversity between at least one member and one defendant; and (4) the aggregate amount in controversy exceeds $5,000,000.

### A. The Putative Class Size Consists of More than 100 Members.

14. Plaintiff purports to bring this suit individually and on behalf three classes which are defined in the FAC at paragraphs 98-100 as:

**Multi-State Class**. "All persons who, within the applicable statute of limitations, became a Matterport Service Partner ('MSP') in one of the following jurisdictions: Alaska, California, Connecticut, Florida, Illinois, Indiana, Iowa, Kentucky, Maine, Maryland, Michigan, Minnesota, Nebraska, North Carolina, Ohio, Oklahoma, South

Carolina, South Dakota, Texas, Virginia, Washington, and Washington D.C."

**National Class**. "All persons in the United States who, within the applicable statute of limitations, applied online through Matterport's website and became a Matterport Service Partner ('MSP'), and incurred expenses to operate their MSP business."

**Injunctive Relief Class**. "All persons in the United States who, within the applicable statute of limitations, applied online through Matterport's website and became a Matterport Service Partner ('MSP')."

15. Plaintiff alleges in the FAC that the "potential quantity of members of the Classes as defined is believed to be 2,377 persons." FAC ¶ 74. This is greater than the requisite 100 members required under 28 U.S.C. § 1332(d)(5)(B).

16. The numerosity requirement is satisfied where it is apparent on the face of the Complaint that there are over 100 putative class members. *Murray v. DirecTV, Inc.*, 2013 U.S. Dist. LEXIS 197794, at *18-19 (C.D. Cal. July 23, 2013). *See also Tompkins v. Basic Research LL*, 2008 WL 1808316, at *3 (E.D. Cal. Apr. 22, 2008) (finding CAFA's numerosity requirement satisfied where facially apparent from the complaint); *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013) (citing *Tompkins*).

B. **Defendants Are Not a Government Entity.**

17. Defendants Matterport, Inc., RJ Pittman, Dave Gausebeck, Matt Bell, Carlos Kokron, Peter Hebert, Jason Krikorian' and Mike Gustafson are not states, state officials or any other government entities. Johnson Decl., ¶ 10.

C. **There is Minimal Diversity of Citizenship Between The Parties.**

18. At least one member of the proposed class is a citizen of a state different from Defendants. 28 U.S.C. § 1332(d)(2)(A); *see* FAC ¶¶ 98-100.

19. Although no *evidence* of domicile is required at the notice of removal stage, "[p]roof of residence in a state is usually thought *prima facie* evidence of domicile." *Bradley Min. Co. v. Boice*, 194 F.2d 80, 84 (9th Cir. 1951); *see also Barbosa v. Transp. Drivers, Inc.*, 2015 WL 9272828, at *6 (C.D. Cal. 2015) ("a person's residence is *prima facie* evidence of his or her place of domicile for purposes of diversity jurisdiction)

(quoting *Bey v. SolarWorld Indus. Am., Inc.*, 904 F. Supp. 2d 1103, 1105 (D. Or. 2012)). Furthermore, "a party with the burden of proving citizenship may rely on the presumption of continuing domicile, which provides that, once established, a person's state of domicile continues unless rebutted with sufficient evidence of change." *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 885 (9th Cir. 2013). Regardless, allegation of Plaintiff's citizenship is sufficient for removal. *Ehrman v. Cox Communs., Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019).

20. Further, where there are no allegations of citizenship of certain parties in the complaint, a removing party may introduce "objective facts" in support of removal that would tend to show the domicile or citizenship of a party in a particular state. *See Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986) ("[T]he determination of an individual's domicile involves a number of factors (no single factor controlling), including: current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes").

21. According to the FAC, Plaintiff resides in "Washington D.C. and Reston, Virginia." FAC ¶ 12. This allegation establishes that he is a citizen of Washington D.C. or the State of Virginia. *Lew v. Moss*, 797 F.2d at 751 (allegations of residency can create a rebuttable presumption of domicile supporting diversity of citizenship).

22. Defendant Matterport Inc. is a corporation organized under the law of Delaware, and at all relevant times its headquarters and principal place of business has been located at 352 E. Java Drive, Sunnyvale, California. Johnson Decl., ¶ 8; FAC ¶ 20. Matterport Inc. is a citizen of the state where its principal place of business is located and the state in which it has been incorporated. 28 U.S.C. § 1332(c). As such, Defendant Matterport Inc. is a citizen of Delaware and California.

23. Defendants RJ Pittman, Dave Gausebeck, Matt Bell, Carlos Kokron, Peter Hebert, Jason Krikorian and Mike Gustafson reside in California. Johnson Decl., ¶ 9.

24. The diversity requirements of CAFA require only that the citizen of any member of the class be diverse from any defendant. Here, because the named Plaintiff is a citizen of Washington D.C. or Virginia, and because Defendants are citizens of Delaware and/or California, the "minimal diversity" requirement under CAFA is satisfied. 28 U.S.C. § 1332(d)(2)(A).

25. Additionally, Plaintiff has alleged a Multi-State Class comprised of persons who became MSP members in 21 states and Washington D.C.: Alaska, California, Connecticut, Florida, Illinois, Indiana, Iowa, Kentucky, Maine, Maryland, Michigan, Minnesota, Nebraska, North Carolina, Ohio, Oklahoma, South Carolina, South Dakota, Texas, Virginia and Washington. FAC ¶ 98.

### D. The Amount in Controversy Requirement Is Satisfied.

26. Without making any admission of liability or damages with respect to any aspects of this case or the proper legal test(s) applicable to Plaintiff's allegations on behalf of herself and the putative class, the amount in controversy exceeds the jurisdictional minimum of this Court as detailed below.

27. To remove a case under CAFA, a removing defendant need not submit any evidence of the facts establishing jurisdiction in its notice of removal. *Dart Cherokee Basin Operating Co., LLC*, 574 U.S. at 83 (a notice of removal "need not contain evidentiary submissions."). Rather, "[a] defendant's notice of removal need include only a plausible allegation that the jurisdictional facts exist. *Id.* at 89. Evidence is required "***only*** when plaintiff contests, or the court questions, the defendant's allegation." *Id.* (emphasis added); *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 924 (9th Cir. 2019) (courts may not remand where notice of removal plausibly alleges the basis for removal, without giving the defendant an opportunity to prove the jurisdictional requirements are satisfied).

28. The amount in controversy is "simply an estimate of the total amount in dispute . . . . [and] [i]n that sense, the amount in controversy reflects the *maximum* recovery [a] plaintiff could reasonably recover" on a complaint at the time of removal. *Arias*, 936 F.3d at 927. Moreover, "[a]n assertion that the amount in controversy exceeds



the jurisdictional threshold is not defeated merely because it is equally possible that the damages might be less than the requisite amount." *Id.* (quotation marks omitted).

29. The Supreme Court in *Dart Cherokee* held that "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court," adding that "CAFA should be read 'with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.'" *Id.* at 89. Following *Dart Cherokee*, the Ninth Circuit has directed the district courts to "interpret CAFA's provisions under section 1332 broadly in favor of removal . . ." *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015) (emphasis added); *see also Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) ("Congress intended CAFA to be interpreted expansively.") In *Bridewell-Sledge v. Blue Cross*, 798 F.3d 923, 929 (9th Cir. 2015), the Ninth Circuit held that under *Dart Cherokee*, the district court erred "in its remand orders by applying a 'strong presumption against removal jurisdiction.'" *See also Moppin v. Los Robles Reg'l Med. Ctr.*, 2015 U.S. Dist. LEXIS 129574, at *4 (C.D. Cal. 2015) ("[N]o presumption against removal exists in cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court.").

30. Defendants dispute that this class could ever be certified, and Defendants dispute that they are liable for any of Plaintiff's claims asserted in the FAC. Nevertheless, the aggregate amount in controversy, exclusive of interests and costs, exceeds $5,000,000. 28 U.S.C. § 1332(d)(2), (6). Although Plaintiff does not plead a specific amount of damages in the FAC, Defendant can demonstrate that the aggregate amount in controversy exceeds $5,000,000. *See Dart Cherokee Basin Operating Co., LLC*, 574 U.S. at 84 ("When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so.").

31. Here, Plaintiff Shawn Lynch alleges that he purchased a Matterport Pro2 3D camera on March 28, 2018, that he became an MSP member on April 25, 2018, that he paid an annual access fee for Cloud Services and Software support in the amount of $499

per year, that he invested his time learning to use Matterport's hardware equipment and software and operating his business, and that he purchased a second Matterport Pro2 camera. FAC ¶¶ 85-88, 94. Plaintiff further alleges that he lost a client, Cushman & Wakefield, which provided 13% of Plaintiff's company's revenue in 2020 and 26% of Plaintiff's company's revenue in 2022. FAC ¶¶ 95-96.

32. Plaintiff alleges that his claims are "typical of the claims of all members of the classes because all members of the classes suffered similar injuries, losses, are owed restitution and/or pecuniary economic damages arising out of Defendants' common course of conduct … ." FAC ¶ 105.

33. In the related case of *John Stemmelin v. Matterport, Inc., et al.,* Case 3:20-cv-04168-WHA, Plaintiff Stemmelin's First Amended Class Action Complaint filed February 11, 2021 alleged: "[o]n information and belief, each Class member's individual damages exceed $22,000 and there are at the very least 230 members in the Nationwide Class. Thus, the aggregated amount in controversy exceeds $5,000,000." *See* Case 3:20-cv-04168-WHA, Dkt. No. 54, Filed 02/11/21, Page 5 of 40. Johnson Decl., ¶ 11, Exh. F.

34. Moreover, Plaintiff Stemmelin alleged in his motion for class certification filed December 23, 2021 that "the damages at stake" in the class action were "approximately $11,555 on average per MSP" calculated as follows: "$9,381,718 in camera sales + $18,085,502 in Cloud Service Plan sales to MSPs = $27,467,220, divided by 2,377 MSPs = $11,555 per MSP on average." *See* Case 3:20-cv-04168-WHA, Dkt. No. 99-1, Filed 12/23/21, Page 31 of 31, and n.12. Johnson Decl., ¶ 12, Exh. G.

35. The number of class members (2,377) alleged in Plaintiff Lynch's FAC is the same number of class members alleged in Plaintiff Stemmelin's unsuccessful motion for class certification. *Compare* FAC ¶ 104 *with* 3:20-cv-04168-WHA, Dkt. No. 99-1, Filed 12/23/21, Page 31 of 31, n.12.

36. Notably, the attorneys representing Plaintiff Stemmelin in Case 3:20-cv-04168-WHA are the same attorneys who are representing Plaintiff Lynch and the putative class in this action.

37. Plaintiff seeks the following relief on behalf of himself and the putative class: declaratory and injunctive relief, restitution, actual damages, statutory or liquidated damages, punitive damages, recission of contract, attorneys' fees and costs, and interest. *See* FAC at 37, Prayer for Relief.

38. Based on the foregoing information, the $5,000,000 amount in controversy requirement under CAFA may easily be met for this action by looking at the number of members of the putative class and comparing the allegations of this action to the allegations of the related *Stemmelin* matter. The number of class members is alleged to be the same in both cases (2,237) and the nature of the damages claimed by the Plaintiffs is essentially the same (the cost of 3D cameras and Cloud Service Plans purchased from Matterport). The amount of 3D camera sales plus Cloud Service Plan sales to MSP class members equals $27,467,220, divided by 2,377 MSPs, equals $11,555 per MSP on average. *See* Case 3:20-cv-04168-WHA, Dkt. No. 99-1, Filed 12/23/21, Page 31 of 31, n.12. Johnson Decl., ¶ 12, Exh. G.

39. In addition to damages, for CAFA cases, "attorneys' fees awarded under fee-shifting statutes or contracts are included in the amount in controversy." *Fritsch v. Swift Transp. Co. of Ariz.*, 899 F.3d 785, 794 (9th Cir. 2018). Further, "a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Id.*

40. Here, Plaintiff seeks attorneys' fees and litigation costs in his FAC at Count I (FAC ¶ 118), Count II (FAC ¶ 130), Count III (FAC ¶ 142), and Count IV (FAC ¶ 149).

41. In general, a 25% benchmark of the potential damages may approximate the potential attorneys' fees. *See, e.g., Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998) (holding that where attorneys' fees are permissibly used in calculating the amount in controversy, a benchmark of 25% of the common fund was appropriate).

42. Although Defendants deny liability and damages, and deny that Plaintiff is entitled to recover attorneys' fees in the case at hand, for purposes of assessing the amount in controversy requirement, applying a 25% benchmark based on Plaintiff Stemmelin's



4886-4508-5477.2         10         Case No.
DEFENDANTS' NOTICE OF REMOVAL OF CLASS ACTION; SUPPORTING DECLARATION

claim for damages resulting from sales of 3D cameras and Cloud Service Plans of $27,467,220, results in attorneys' fees of approximately $6,866,805.

43. The above amount in controversy does not take into account the value of Plaintiff's claims for declaratory and injunctive relief.

## II. NO CAFA EXCEPTIONS APPLY

44. CAFA contains several exceptions to its grant of original jurisdiction, contained in 28 U.S.C. sections 1332(d)(3)-(4). The party resisting removal has the burden of proving the existence of a CAFA exception. *King v. Great Am. Chicken Corp.*, 903 F.3d 875, 878 (9th Cir. 2018).

45. These exceptions are not applicable here, because fewer than one third of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed. Based on its business records, Matterport has determined that 292 MSP members are residents of the State of California. This is less than one third of the members of all proposed plaintiff classes in the aggregate which is alleged to be 2,377. Johnson Decl., ¶ 13.

## III. TIMELINESS OF REMOVAL

46. Under 28 U.S.C. section 1446(b), the 30-day period for filing a notice of removal begins to run only after formal service is made. In *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344 (1999), the Supreme Court explained that under 28 U.S.C. § 1446(b), "[a]n individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Id*. at 347. *See also Quality Loan Serv. Corp. v. 24702 Pallas Way, Mission Viejo, CA 92691*, 635 F.3d 1128, 1132-33 (9th Cir. 2011)

47. Plaintiff's service of the summons, FAC and related documents was deemed complete on Defendants on May 27, 2022. On that date, Defendants' counsel signed and returned Acknowledgements of Receipt on behalf of all Defendants, and service was deemed complete as of that date. Johnson Decl., ¶¶ 2, 7 and Exh. E. Therefore, this Notice of Removal is timely filed within thirty days of service of process. 28 U.S.C. § 1446(b).

48. No previous application has been made for the relief requested herein.

## IV. NO OTHER DEFENDANTS HAVE JOINED THE ACTION

49. There are no other defendants that have been named or served in this action, therefore, there are no other defendants to join in this Notice of Removal.

## V. SERVICE OF NOTICE ON PLAINTIFFS AND STATE COURT

50. Contemporaneous with the filing of this Notice of Removal in the United States District Court for the Northern District of California, written notice of the removal will be given by the undersigned to Plaintiff's counsel of record:

COHELAN KHOURY & SINGER
Timothy D. Cohelan (SBN 60827), tcohelan@ckslaw.com
Isam C. Khoury (SBN 58759), ikhoury@ckslaw.com
J. Jason Hill (SBN 179630), jhill@ckslaw.com
605 "C" Street, Suite 200
San Diego, CA 92101
Telephone: (619) 595-3001
Facsimile: (619) 595-3000

ZIMMERMAN LAW OFFICES, P.C.
Thomas A. Zimmerman, Jr., tom@attorneyzim.com
Sharon A. Harris, sharon@attorneyzim.com
Jeffrey D. Blake, jeff@attorneyzim.com
77 W. Washington Street, Suite 1220
Chicago, Illinois 60602
Telephone: (312) 440-0020
Facsimile: (312) 440-4180

51. A copy of this Notice of Removal will be served upon all parties and filed with the Clerk of the Superior Court of the State of California, for the County of Santa Clara, where the action is pending, as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendant removes this action from the Superior Court of the State of California, for the County of Santa Clara, bearing case number 22CV396251, to this Court, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

DATED: June 23, 2022   LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____
JON P. KARDASSAKIS
MICHAEL K. JOHNSON
Attorneys for Defendants

**CERTIFICATE OF SERVICE**
*Lynch v. Matterport, Inc., et al.*
USDC-ND, Case No.

STATE OF CALIFORNIA, COUNTY OF SACRAMENTO

At the time of service, I was over 18 years of age and not a party to the action. My business address is 2020 West El Camino Avenue, Suite 700, Sacramento, CA 95833. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On June 23, 2022, I served the following document: **DEFENDANTS' NOTICE OF REMOVAL OF CLASS ACTION**

I served the document on the following person at the following address (including a fax number and email address, if applicable):

| | |
|---|---|
| Timothy D. Cohelan<br>Isam C. Khoury<br>J. Jason Hill<br>**COHELAN KHOURY & SINGER**<br>605 "C" Street, Suite 200<br>San Diego, CA 92101<br>Telephone:    (619) 595-3001<br>Facsimile:    (619) 595-3000<br>Email: tcohelan@ckslaw.com<br>           ikhoury@ckslaw.com<br>           jhill@ckslaw.com | Attorneys for Plaintiff SHAWN LYNCH, and all others similarly situated |
| Thomas A. Zimmerman, Jr.<br>Sharon A Harris<br>Jeffrey D. Blake<br>**ZIMMERMAN LAW OFFICES, P.C.**<br>77 West Washington Street, Suite 1220<br>Chicago, IL 60602<br>Telephone: (312) 440-0020<br>Facsimile: (312) 440-4180<br>Email: tom@attorneyzim.com<br>           jaci@attorneyzim.com<br>           sharon@attorneyzim.com<br>           jeff@attorneyzim.com | Attorneys for Plaintiff SHAWN LYNCH, and all others similarly situated |

The document was served by the following means:

☒ **(BY COURT'S CM/ECF SYSTEM)** The document was served by CM/ECF (excluding those not registered for CM/ECF who were served by mail or email, if applicable).

1  ☒ **(BY ELECTRONIC TRANSMISSION ONLY)** Only by emailing the document to the person at the email address listed above based on notice provided on March 16, 2020, that during the Coronavirus (COVID-19) pandemic, this office will be working remotely, not able to send physical mail as usual, and is therefore using only electronic mail. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

    I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Dated: June 23, 2022

_____
Sandra Hayes



**CERTIFICATE OF SERVICE**