UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHAWN LYNCH,

        Plaintiff,

v.

MATTERPORT, INC,

        Defendant.

No. C 22-03704 WHA

**ORDER GRANTING MOTION FOR LEAVE TO AMEND**

An order previously granted in part and denied in part a motion to dismiss, dismissing all claims brought against individual directors and the putative class claims brought against defendant under the SAMP Act and Section 17500. That order allowed plaintiff to seek leave to amend within 18 days (Dkt. No. 34 at 12). Plaintiff subsequently filed a motion seeking leave to amend the dismissed claims, but another order denied that motion, having found that "[t]he amended claims against the individual directors remain inadequately individualized, and the amended putative class claims against Matterport under the SAMP Act and Section 17500 remain time-barred" (Dkt. No. 45 at 9).

Plaintiff now moves for leave to amend the operative pleading for different reasons. Specifically, plaintiff seeks leave to amend to: (1) remove claims that he voluntarily dismissed before the order on the motion to dismiss issued; (2) reflect his current local counsel; (3) conform the operative pleading to the Federal Rules of Civil Procedure, recognizing the case was removed to federal court; (4) clarify the injunctive and declaratory relief sought in

light of the dismissed claims; and (5) refine the class definition in light of the dismissed claims (Br. 3). Plaintiff's proposed amended complaint still includes the claims that the prior order dismissed, but plaintiff "acknowledg[es] that they were dismissed" and is "simply repleading allegations to preserve them for appeal" (Reply Br. 11; *see also* Br. 7).

In the absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, and undue prejudice to the opposing party, leave to amend should be freely given. *Foman v. Davis*, 371 U.S. 178, 182 (1962). It appears that plaintiff could have made the changes sought here when he moved for leave to amend previously. But plaintiff states that he did not think this was called for because the prior order allowed him to seek leave to amend "the dismissed claims" and correct "deficiencies identified in th[at] order, as well as all other deficiencies raised in defendants' motion," within 18 days (Reply Br. 3 (quoting Dkt. No 34 at 12)). According to plaintiff, the changes sought here have no bearing on the claims that the prior order dismissed, deficiencies identified in that order, and deficiencies raised in the motion to dismiss. Fair enough.

As a concession to the shortness of life, plaintiff's motion is **GRANTED** with the understanding that the claims previously dismissed remain dismissed. The class certification motion shall now be due on **MAY 10, 2023, at 5:00 P.M.**

**IT IS SO ORDERED.**

Dated: April 19, 2023.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE