UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHAWN LYNCH,

    Plaintiff,

v.

MATTERPORT, INC.,

    Defendant.

No. C 22-03704 WHA

**ORDER RE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

As stated on the record at the hearing today, defendant's motion for summary judgment is **GRANTED**. For clarity, defendant moved for summary judgment on the four individual claims remaining: California's Seller-Assisted Marketing Plan ("SAMP") Act, Sections 17200 and 17500 of the California Business and Professions Code, and a breach of the implied covenant of good faith and fair dealing. Plaintiff in opposition briefing withdrew the first three claims, and defendant in reply briefing argued that the withdrawn claims should be dismissed with prejudice. As explained in orders prior, this action is an attempt at a class action do-over, with the same counsel bringing similar claims on the same fact pattern but with a different plaintiff. *See Lynch v. Matterport, Inc.*, No. C 22-03704 WHA, 2022 WL 17740301, at *2 (N.D. Cal. Dec. 16, 2022). Indeed, all claims remaining in the present action were litigated in the prior action through summary judgment. *See Stemmelin v. Matterport, Inc.*, No. C 20-04168 WHA, 2022 WL 3226973, at *1 (N.D. Cal. Aug. 10, 2022). "'[F]inal judgment on the merits' is synonymous with 'dismissal with prejudice.'" *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 686 (9th Cir. 2005) (citations omitted). In light of these circumstances, defendant's motion for summary judgment as to plaintiff's withdrawn claims is **GRANTED**.

As for the implied covenant claim, it is now clear plaintiff's business I.C. Progress Inc. should be the proper plaintiff, and not Shawn Lynch in his individual capacity. This order will honor the distinction between a corporate entity and its shareholders, particularly here where the injury claimed is purely economic. Plaintiff has not made "a factual showing of perceptible harm" independent of the alleged lost profits of I.C. Progress, and so summary judgment is warranted for lack of standing alone. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 566 (1992). Furthermore, under California law, the covenant of good faith and fair dealing cannot be construed to add an affirmative duty not to compete for the same customers, given the "basic principles relevant to contract law . . . that, with the exception of insurance contracts, '[b]ecause the covenant is a contract term, . . . compensation for its breach has almost always been limited to contract rather than tort remedies.'" *Freeman & Mills, Inc. v. Belcher Oil Co.*, 900 P.2d 669, 674–75, 679–80 (Cal. 1995); *see* Cal. Civ. Code § 3423(e). Regardless, plaintiff has not shown that such duty exists here, and the covenant "cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement." *Avidity Partners, LLC v. State*, 165 Cal. Rptr. 3d 299, 320 (Cal. Ct. App. 2013) (citations omitted). Defendant's motion for summary judgment as to the breach of implied covenant claim is **GRANTED**. Judgment will be entered accordingly.

As explained on the record at the hearing, counsel may seek leave to amend the pleadings to reflect the proper plaintiff. However, if counsel does so, they must provide a sworn statement that I.C. Progress is a corporation in good standing — both now and in the past — under the laws of New York. Counsel must also explain how such amendment would cure the core issues on the merits discussed above and as further expounded on the record. Counsel has until **DECEMBER 4, 2023**, to so move.

**IT IS SO ORDERED.**

Dated: November 20, 2023.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2